## BRUSH and others *v.* NAUGATUCK R. Co. and others.

*(Circuit Court, D. Connecticut. July 10, 1885.)*

PATENTS FOR INVENTION—FORMER ADJUDICATION AS TO PRIORITY OF INVENTION.

    A contest between two patentees as to priority of invention, and a judgment that the junior patentee was or was not the first inventor of the thing patented to each, would be an adjudication affecting the title of the junior patentee; but an adjudication that the senior patentee was not the first inventor of the thing claimed in his patent, which was not the thing claimed by the junior patentee, does not enlarge nor affect the estate of the latter, and is not a bar to a subsequent suit by the senior patentee against a licensee of the junior patentee, whose license was taken after the commencement of the first suit, and with notice thereof, although the junior patentee cannot make the thing which was the subject of his invention without using the claimed invention of the senior patentee.

In Equity.

*Causten Browne* and *E. N. Dickerson,* for plaintiffs.

*Edmund Wetmore,* for defendants.

SHIPMAN, J. In the suit of the present plaintiffs against Condit and others, before the circuit court for the Southern district of New York, for the infringement of the Brush patent by the manufacture of electric lamps, made under subsequent patents known as the Weston patents, it was decided that the combination which was the subject of the elder patent had been anticipated in the Hayes lamp, and the bill was dismissed. The Brush patent and the Weston patents are for different inventions.

The plea of the Naugatuck Railroad Company, in this case, avers that the electric lamps used by said defendant were manufactured by the United States Electric Lighting Company, and are identical in construction with the electric lamps made and sold by Condit, and which were the subject of the suit in the Southern district of New York; that the defense of that suit was solely conducted and controlled by said Electric Lighting company; that when that suit was commenced Edward Weston had applications pending for letters patent on electric lamps, which applications were for the benefit of said Lighting company, and on which applications letters patent were granted, and became the property of that company pending the Condit suit; that, pending that suit, the Naugatuck Railroad Company took a license from said company, with knowledge of complainant's claim that the use of the lamps so licensed under the Weston patent was an infringement of the Brush patent; that said defendant's lamps are made under the Weston patents, and that the invention patented by one of them cannot be made without using the invention described and claimed in the Brush patent.

Upon these facts, the defendant says that the Electric Lighting company was the real defendant in *Brush* v. *Condit;* that the Naugatuck Railroad Company is privy in estate with its licensor; and pleads the

judgment for the defendant in the former suit as a bar to the present suit. The plea has been set down for hearing. It is admitted that the Electric Lighting company, the owner of the Weston patents, was the real defendant in the *Condit Case*, and that the Naugatuck Railroad Company, becoming the licensee of said Lighting company pending said suit, and with the knowledge of the complainant's claim, is privy in estate with the Lighting company, and that a judgment in the former suit, which determined the title to the estate of the said company, or some right or liability attaching to said title, would be conclusive as an estoppel.

The plaintiff says that the Brush invention and the Weston inventions, as claimed in the respective patents, not being alike, an adjudication that the invention of the elder patent had been anticipated by a third person is a judgment which did not determine either the title of the Lighting company to the junior patents, or any liability attaching to such title. The defendant says that, so far as the application of the doctrine of *res adjudicata* is concerned, there is no difference between an adjudication affecting a right to use the property to which it relates and the title to that property; and that "the grant of a patent confers the exclusive right of property, subject to prior grants, and the question whether such prior grants limit the enjoyment of the property is a question which directly affects it, so that an adjudication in regard to it affects any one who is privy in ownership;" and that Brush's contention in the *Condit Case* was that he had "a prior valid grant, the existence of which would prevent Weston from using his subsequent grant except under Brush's license;" and thus the litigation vitally affected the extent and manner in which Weston's property was to be enjoyed, and therefore related to the property as much as a question which related to the ownership.

In this case neither the extent of the grant to Weston, nor any liability attaching to his title was in issue. The title to the inventions which were the subject of his patents, or their scope, was not in dispute. The contest was not between the patents of the two inventors, except in popular phrase, but was whether anybody had a right to make and use the Brush combination of clamp, core, and coil, a right which the plaintiffs insisted was theirs exclusively, and the defendants contended was open to the public. A contest between two patentees as to priority of invention, and a judgment that the junior patentee was or was not the first inventor of the thing patented to each, would be an adjudication affecting the title of the junior patentee; but an adjudication that the senior patentee was not the first inventor of the thing claimed in his patent, which was not the thing claimed by the junior patentee, does not enlarge nor affect the estate of the latter.

But it is urged, and it is the strength of the defendant's argument, that Weston cannot make his lamp without using the Brush clamp; and thus that the adjudication in the *Condit Case*, which threw the

claimed combination open to the public, affected the extent of Weston's enjoyment of his property, and therefore related to the property as much as if it affected his title.   It is true that the adjudication will, if hereafter sustained, affect his enjoyment of his property, in the sense that it will relieve him from the alleged liability or obligation to pay royalty to the plaintiffs; but the defect in the defendant's argument seems to me to consist in insisting that the relations to each other of grants of exclusive rights in different inventions by different letters patent are analogous in all respects to the relations to each other of grants of right in a piece of land by different deeds.

The inventor's estate in letters patent is his exclusive right to practice his own inventions for the time limited by the statute.   The subsequent inventor who has taken a patent for a different invention is no more subject to the grant to the senior patentee than he would have been if he had not taken a patent.   There cannot properly be said to be a burden or easement upon the junior patentee's estate, although there is a prohibition against the use by the public of the senior patentee's exclusive right.   There is no implied condition that Weston's grant shall be subject to prior valid grants, for the grant does not touch upon the territory which had been patented by anybody else.   In other words, the fact that, after the Condit suit was commenced, the Electric Lighting company obtained patents for the devices which characterize the Weston lamps does not give to the adjudication that the Brush patent was invalid, by reason of prior anticipation by a third person, any different position or force from that which it would have had if the Weston patent had never been issued, because those patents do not relate to the invention which was included in the Brush patent.   Weston's freedom from the claim of Brush for royalty was, to use the language of the plaintiffs' counsel, not obtained "in his capacity as patentee, not by way of enlargement of his rights as patentee, not as an adjudication or in favor of his estate as patentee, so as to make a case of 'privity of estate' in behalf of his licensees."

The cases of *Ingersoll* v. *Jewett*, 16 Blatchf. C. C. 378, and *Pennington* v. *Hunt*, 20 FED. REP. 195, do not sustain the plea.   In the first case Ingersoll, as owner of the Heath patent, had sued Turner, a licensee under Topham's patent for the same invention, for infringement of the Heath patent.   Topham assumed the defense of the suit.   The question of priority of invention as between Heath and Topham was the one at issue, and was decided in Topham's favor.   His title to his invention, as between Ingersoll and himself, was the subject which was adjudicated.   Ingersoll then sued Jewett, another licensee of Topham, for making the same invention, and it was held that if Jewett had become a licensee after judgment in the Turner suit he would have been privy in estate with Topham, and the former judgment would have been conclusive as an estoppel.

In the case of *Pennington* v. *Hunt*, Hunt sued Pennington upon

the Clark patent, having bought it from King, the unsuccessful defendant in the previous suit of *Pennington* v. *King* upon the Pennington patent, in which case King's defense was that the Pennington invention had been previously patented to Clark. The court sustained the validity of the Pennington patent as against the Clark patent, and thus the validity or the scope of the latter patent was directly in issue. Hunt having bought the Clark patent from King after the adjudication, with knowledge of the controversy, was held to be privy in estate with his assignor, and to be bound by the judgment. The difference between these two cases and the one at bar is that in each of the cited cases the validity or the scope of the patent which belonged to the defendant in the original suit was directly in issue, and was adjudicated upon.

The plea of William D. Bishop, which sets up non-infringement, is within the adverse criticism of the court upon a similar plea in *Sharp* v. *Reissner*, 9 Fed. Rep. 445.

Both pleas are overruled.